# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JASPER HOWARD DUNCAN,

       Plaintiff,

vs.                            No. CIV 06-0246 JB/KBM

CITIBANK (SOUTH DAKOTA), N.A.,
ACADEMY COLLECTION SERVICE, INC.,
FARRELL & SELDIN, FREDERICK M.
MOWRER, JANE DOE, JOHN DOE,
AND ONE-UP,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Academy Collection Service, Inc.'s ("Academy") Motion to Dismiss, filed April 24, 2006 (Doc. 9).  Plaintiff Jasper Howard Duncan, appearing *pro se*, has not filed a response to the motion, and the time for filing a responsive pleading has passed.  The Court has nonetheless considered the merits of the motion.  See Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003) (noting that "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response") (internal quotation marks and bracket omitted).  Based on the Court's review of the complaint and the applicable law regarding the statutory limitations period in which Duncan could file suit under the Fair Debt Collection Practices Act ("FDCPA"), the Court concludes that Academy's motion is well-taken and will grant it.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Duncan's Complaint and are considered to be true for

purposes of Academy's motion.  See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).

Duncan "signed documents which led him to believe that Defendant [Citibank] was going to lend him an unsubstantiated amount to be used for consumer goods pursuant to [15 U.S.C. §] 1629a(5)" of the FDCPA.  Compl. at ¶ 11, at 4-5 (filed Mar. 29, 2006).  The alleged credit-card debt at issue arose out of this transaction.  See id. ¶ 12, at 5.  Contrary to these first two allegations, Duncan also states that he "claimed many time [sic] that he had never signed any contract with Defendant [Citibank]."  Id. ¶ 32, at 9.  On March 17, 2003, Duncan sent Citibank a letter demanding that it "cease and desist collection activities pending validation and verification of the alleged debt."  Id. ¶ 19, at 6.

Citibank hired or retained Defendant Academy Collection Services to collect the debt.  See id. ¶ 16, at 5.  Academy sent Duncan a letter dated November 24, 2003, characterizing the alleged debt as a "delinquent account" and demanding payment of $8,642.38.  Id. ¶ 20, at 6.  Duncan responded to Academy on December 11, 2003, disputing the claims.  Id. ¶ 21.  By letter dated January 21, 2004, Duncan  "petitioned [Citibank] for validation or verification of the alleged debt."  Id. ¶ 22.  After Citibank allegedly failed to respond, on February 4, 2004, he sent another letter "seeking answers to his questions."  Id. ¶ 23, at 7.

Citibank hired or retained Defendant law firm Farrell & Seldin to continue attempting to collect the debt Duncan allegedly owed.  See id. ¶ 13 at 5.  On May 14, 2004, Farrell & Seldin sent Duncan a letter demanding payment of $8,642.38 "but offering no validation or verification of the alleged debt."  Id. ¶ 24, at 7.  A year and one-half later, on December 2, 2005, Citibank, by and through its attorneys Farrell & Seldin and Defendant Fredrick M. Mowrer ("Citibank's attorney in New Mexico"), Def. Mowrer's Mot. to Dismiss at 3, 4, filed a summons and complaint in the Ninth

2

Judicial District Court of the State of New Mexico, "alleging that Plaintiff Duncan owed [Citibank] the sum of $8,642.38." Compl. at ¶ 25, at 7.  Duncan contends that the "alleged debt [] didn't even exist." Id. ¶ 27, at 8.

According to the Defendants, Duncan never answered the state-court complaint, choosing instead to file this suit in federal court on March 29, 2006.  The federal complaint attempts to state various claims, including violations of criminal statutes,  39 U.S.C. §§ 3001(d), (h), (i), and 3005; civil RICO law; and the Equal Protection Clause, but it principally focuses on alleged violations of the FDCPA.

On April 24, 2006, Academy filed a motion to dismiss, arguing that Duncan's claims under the FDCPA are barred by the applicable statute of limitations and that the Court must dismiss all other causes of action against Academy for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  Duncan has not filed a response to the motion, and the fourteen-day period within which to file a timely response has passed.  See D.N.M. LR-Civ. 7.6(a).

## STANDARD FOR DECIDING MOTIONS TO DISMISS

In considering a motion to dismiss a complaint for failure to state a claim under rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is mindful that the complaint must be liberally construed.  See id. at 1110. But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based."  Id.

[T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are

3

missing some important element that may not have occurred to him, should be allowed to amend his complaint.  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Id. (citations omitted).

**ANALYSIS**

**I.     THE FDCPA'S ONE-YEAR STATUTE OF LIMITATIONS BARS DUNCAN'S FDCPA CLAIMS.**

The great bulk of Duncan's complaint alleges against all Defendants, including Academy, numerous violations of the FDCPA.  Although Duncan asserts that the statute of limitations for FDCPA violations is for five years, see Compl. at 26, Academy correctly contends that Duncan's FDCPA claims must be dismissed as barred by the one-year statute of limitations applicable to such claims.

Section 1692k(d) of the FDCPA, which is entitled "Jurisdiction," provides:  "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  When calculating the running of this statute of limitations, the day of the violation is not counted.  See Johnson v. Riddle, 305 F.3d 1107, 1115 (10th Cir. 2002).  When the alleged conduct violating the FDCPA is the mailing of letters, the date on which the defendant mailed the letters triggers § 1692k(d).  See Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995).

As mentioned above, Duncan alleges that Academy sent him a letter dated November 24, 2003 characterizing the alleged debt as a "delinquent account" and demanding payment of $8,642.38.

4

Compl. at ¶ 20, at 6.  He contends that the letter "threatened and intimidated Plaintiff and his family."
Id. ¶ 53, at 13.  He also claims that Academy falsely represented the amount "without any verifiable
confirmation concerning the alleged debt" and without producing an original contract or agreement.
Id. ¶ 61, at 14.  He contends that Academy violated § 1692(e)(3) and (e)(10) by using the United
States mail to forward letters misleading him to believe that Citibank and the law firms "had legal
representation of the entire case," id. ¶ 65, at 15; by "falsely representing" that "each had thoroughly
examined the complete file," id. ¶ 66; and by falsely representing "the character, the ethical qualities
of the subject matter of the alleged debt," id. ¶ 67.  But the only physical act Duncan complains that
Academy committed is the sending of the November 24, 2003, letter.  The mailing of this letter thus
triggered the statute of limitations, see Maloy v. Phillips, 64 F.3d at 608, which ran on November 25,
2004.  Duncan did not file this suit until March 29, 2006 – over two years from the date Academy
sent the demand letter.  Accordingly, the statute of limitations set forth in § 1692k(d) bars all of
Duncan's FDCPA claims against Academy.  See Johnson v. Riddle, 305 F.3d at 1113 (noting that
the plaintiff did not challenge the district court's conclusion that her personal FDCPA claims arising
from demand letters sent more than one year before she filed suit were untimely).

## II.    THE COURT WILL DISMISS DUNCAN'S ADDITIONAL CLAIMS.

Academy argues that the Court should dismiss all other claims that Duncan has attempted to
allege for failure to state a claim.  The Court agrees.

Duncan briefly attempts to allege a cause of action for criminal conspiracy and mail fraud
against Academy under 18 U.S.C. § 1341.  See Compl. at ¶ 27, at 8.  This statute, however, is a
criminal statute that does not give rise to a private civil cause of action.  See Oppenheim v. Sterling,
368 F.2d 516, 519 (10th Cir. 1966) ("There is no legislative history nor is there any case which has

been cited to us or which we can find which supports the view that a violation of [§ 1341] affords the court federal question jurisdiction in a civil case."); Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178-79 (6th Cir. 1979) (holding that no private action can arise from this criminal statute).  Duncan thus fails to state a civil claim for conspiracy and mail fraud under 18 U.S.C. § 1341.

Duncan also briefly mentions civil RICO as a basis for relief.  To state a RICO claim, a plaintiff must set forth "four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  A pattern of racketeering activity must include commission of at least two predicate acts."  Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003) (internal quotation marks and citation omitted).  Duncan's complaint against Academy alleges a single physical act –  mailing a demand letter –  and thus does not allege sufficient facts to show a pattern of racketeering activity.  The Court will dismiss this cause of action.

Duncan additionally mentions 39 U.S.C. § 3001(d), (h), (i), and § 3005.  Subsections (d), (h), and (i) of § 3001 describe matters that are non-mailable by the United States Postal Service.  Section 3001(d) prohibits the mailing of matter that reasonably could be interpreted as a bill, invoice, or statement of account due, but that is in fact a solicitation for ordering goods or services, unless the matter contains a specified disclaimer.  See § 3001(d).  Section 3001(h) prohibits mailing matter that is a solicitation by a non-governmental entity for the purchase of or payment for a product or service if it could be interpreted as implying any federal government connection, approval, or endorsement, unless certain conditions are met.  See § 3001(h).  Similarly, § 3001(i) prohibits mailing matter that is a solicitation by a non-governmental entity for information or the contribution of funds or membership fees if it could be interpreted as implying any federal government connection, approval, or endorsement, unless certain conditions are met.  See § 3001(i).  Section 3005 permits the Postal

Service to issue an order to return mail or forbid payment upon evidence that any person is engaged in conducting a scheme or device for obtaining money or property through the mail by means of false representations, including actions prohibited under § 3001 and/or through conducting a lottery or gift enterprise.  See § 3005.  The facts alleged in Duncan's complaint, even read liberally, do not indicate that Academy mailed to Duncan a document that reasonably could be interpreted as a bill, invoice, or statement of account due, but that is in fact a solicitation for ordering goods or services; or that Academy solicited Duncan to purchase or pay for a product or service by implying any federal government connection, approval, or endorsement; or that Academy used the mail to solicit information or the contribution of funds or membership by implying it had a federal government connection, approval, or endorsement.  The complaint thus fails to state a cause of action under § 3001(d), (h), (i), or § 3005, and the Court will dismiss those claims.

Duncan also attempts to state a claim "under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause."  Compl. at ¶ 115, at 24.  The Equal Protection Clause of the Fourteenth Amendment provides:  "No *State* shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1 (emphasis added).  A violation of the Equal Protection Clause requires that a state actor commit the alleged violations.  See Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1446 (10th Cir. 1995) (noting that the Fourteenth Amendment prohibits only discriminatory or wrongful government actions and not private conduct).  Duncan has not alleged any facts to suggest that Academy or any of the other Defendants are state actors.  The Court will, therefore, dismiss Duncan's Equal Protection claim for failure to state a claim.

Duncan generally and only briefly mentions liability for "criminal conspiracy" under "tort laws,

unfair trade practices statutes."  Compl. at ¶ 48, at 12.  Alleging claims in this conclusory manner does not state a claim under rule 12(b)(6).  See Hall v. Bellmon, 935 F.2d at 1110.  Duncan has not responded to Academy's motion to dismiss nor has he requested an opportunity to amend his complaint despite having been warned that his complaint is deficient.  The Court will therefore dismiss these claims.

      **IT IS ORDERED** that Defendant Academy Collection Service, Inc.'s Motion to Dismiss (Doc. 9) is granted, and all of Duncan's claims against Academy are dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jasper Howard Duncan
Texico, New Mexico

      *Plaintiff Pro Se*

Alice Tomlinson Lorenz
Miller Stratvert P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant Citibank (South Dakota), N.A.*

Tom Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant Academy Collection Service, Inc.*

Richard Moran
Law Offices of Farrell & Seldin, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendant Law Offices*
       *of Farrell & Seldin, P.C.*

Frederick M. Mowrer
Albuquerque, New Mexico

      *Pro Se Defendant*