**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JASPER HOWARD DUNCAN,

       Plaintiff,

vs.                                                                         No. CIV 06-0246 JB/KBM

CITIBANK (SOUTH DAKOTA) N.A.,
ACADEMY COLLECTION SERVICE, INC.,
FARRELL & SELDIN, FREDERICK M. MOWRER,
JANE DOE, JOHN DOE, ONE UP,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on Defendant Citibank (South Dakota), N.A.'s Motion to Dismiss, filed April 18, 2006 (Doc. 2). The primary issue is whether the Court should dismiss the Plaintiff Jasper Howard Duncan's Fair Debt Collection Protection Act ("FDCPA") claims against Citibank, Duncan's creditor. Because the FDCPA does not apply to creditors, and because Duncan's complaint otherwise fails to state a cognizable federal claim against Citibank, the Court will grant Citibank's motion.

**FACTUAL BACKGROUND**

       In accordance with the standard applicable to a motion made pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts are taken from the Complaint and are assumed to be true solely for purposes of this motion. See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).

       Duncan "signed documents which led him to believe that Defendant [Citibank] was going to lend him an unsubstantiated amount to be used for consumer goods pursuant to [15 U.S.C. §] 1629a(5)" of the FDCPA. Compl. at ¶ 11, at 4-5 (filed Mar. 29, 2006). The alleged credit-card debt

at issue arose out of this transaction. See id. ¶ 12, at 5. Contrary to these first two allegations, Duncan also states that he "claimed many time [sic] that he had never signed any contract with Defendant [Citibank]." Id. ¶ 32, at 9. On March 17, 2003, Duncan sent Citibank a letter demanding that it "cease and desist collection activities pending validation and verification of the alleged debt." Id. ¶ 19, at 6.

Citibank hired or retained Defendant Academy Collection Services to collect the debt. See id. ¶ 16, at 5. Academy sent Duncan a letter dated November 24, 2003, characterizing the alleged debt as a "delinquent account" and demanding payment of $8,642.38. Id. ¶ 20, at 6. Duncan responded to Academy on December 11, 2003, disputing the claims. Id. ¶ 21. By letter dated January 21, 2004, Duncan "petitioned [Citibank] for validation or verification of the alleged debt." Id. ¶ 22. After Citibank allegedly failed to respond, on February 4, 2004, he sent another letter "seeking answers to his questions." Id. ¶ 23, at 7.

Citibank hired or retained Defendant law firm Farrell & Seldin to continue attempting to collect the debt Duncan allegedly owed. See id. ¶ 13 at 5. On May 14, 2004, Farrell & Seldin sent Duncan a letter demanding payment of $8,642.38 "but offering no validation or verification of the alleged debt." Id. ¶ 24, at 7. A year and one-half later, on December 2, 2005, Citibank, by and through its attorneys Farrell & Seldin and Defendant Fredrick M. Mowrer ("Citibank's attorney in New Mexico"), Def. Mowrer's Mot. to Dismiss at 3, 4, filed a summons and complaint in the Ninth Judicial District Court of the State of New Mexico, "alleging that Plaintiff Duncan owed [Citibank] the sum of $8,642.38," Compl. at ¶ 25, at 7. Duncan contends that the "alleged debt [] didn't even exist." Id. ¶ 27, at 8.

According to the Defendants, Duncan did not answer the state-court complaint, choosing

instead to file suit in federal court on March 29, 2006. The federal complaint mentions various bases for liability, including Chapter 55 of the New Mexico Uniform Commercial Code; 39 U.S.C. §§ 3001(d), (h), (i), and 3005; civil RICO law; and the Equal Protection Clause, but it principally focuses on alleged violations of the FDCPA.

On April 18, 2006, Citibank filed a motion to dismiss, arguing that the Court must dismiss Duncan's claims under the FDCPA because the FDCPA does not apply to a creditor's attempts to collect a debt and that the Court must dismiss all other causes of action against Citibank for failure to state a claim under rule 12(b)(6). Attaching several examples to its motion to dismiss, Citibank asserts that Duncan has used a form complaint that other plaintiffs have filed in almost identical form in a number of other cases across the country, and contends that Duncan's complaint has been filed solely for purposes of harassment and delay. Duncan has not filed a response to the motion, and the fourteen-day period within which to file a timely response has passed. See D.N.M. LR-Civ. 7.6(a).

## STANDARD FOR DECIDING MOTIONS TO DISMISS

In considering a motion to dismiss a complaint for failure to state a claim under rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is mindful that the complaint must be liberally construed. See id. at 1110. But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." Id.

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without

        supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Id. (citations omitted).

## ANALYSIS

Because Citibank is not a "debt collector" under the FDCPA, but, rather, is a creditor, the Court will dismiss the FDCPA claims against it. And because Duncan also attempts to create causes of action that no court has heretofore recognized on the set of facts presented in Duncan's complaint, the Court will also dismiss all other claims against Citibank.

**I.     CLAIMS BROUGHT UNDER THE FDCPA.**

The FDCPA regulates abusive practices of "debt collectors," and the statute includes a specific definition of that term. 15 U.S.C. § 1692a(6). A "debt collector" is an entity that uses interstate commerce or the mails to collect debts as its principle business, or that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. A company collecting debts owed to itself, however, is not a "debt collector" unless it "uses any name other than [its] own which would indicate that a third person is collecting . . . such debt." Id. See 15 U.S.C. § 1692a(6)(F) (providing that a "debt collector" does not include persons collecting debts owed to themselves under an original obligation). "'[A] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.'" Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005) (quoting Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004)). Cf. Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d

Cir. 2000) ("Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA."). Thus, courts dismiss for failure to state a claim suits brought under the FDCPA against credit card companies or banks that extend credit and attempt to collect the unpaid debt. See, e.g., Lewis v. ACB Bus. Servs, Inc., 135 F.3d 389, 411 (6th Cir. 1998) (holding that credit card company that sued debtor in state court to collect debt could not be sued under FDCPA because it "is primarily in the business of extending credit, which is not enough to turn an entity into a debt collector under the Act"); Montgomery v. Huntington Bank, 346 F.3d 693, 698-99 (6th Cir. 2003) (holding that bank, which was a consumer creditor of plaintiff, was not liable under the FDCPA because it did not fall within the definition of debt collector and was expressly covered by creditor exceptions). Further, a creditor cannot be held vicariously liable under the FDCPA for abusive actions by independent collection agencies. See Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir. 1996). Other courts have dismissed cases brought against Citibank or its affiliates under the FDCPA for these reasons. See, e.g., Doherty v. Citibank (South Dakota), N.A., 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005); Kloth v. Citibank (South Dakota), N.A., 33 F. Supp. 2d 115, 119 (D. Conn. 1998); Meads v. Citicorp Credit Servs, Inc., 686 F. Supp. 330, 333-34 (S.D. Ga. 1988).

Here, Duncan's claims against Citibank are only in its capacity as a consumer creditor attempting to collect its own debt. Duncan alleges no facts indicating that Citibank qualifies as a debt collector, as defined under the FDCPA. The FDCPA, therefore, does not regulate Citibank's collection activity. See Lewis v. ACB Bus. Servs, Inc., 135 F.3d at 411. The Court will dismiss the claims against Citibank brought under the FDCPA.

**II.    OTHER CLAIMS.**

Duncan briefly attempts to allege a cause of action for criminal conspiracy and mail fraud

against Citibank under 18 U.S.C. § 1341. See Compl. at ¶ 27, at 8. This statute, however, is a criminal statute that does not give rise to a private civil cause of action. See Oppenheim v. Sterling, 368 F.2d 516, 519 (10th Cir. 1966) ("There is no legislative history nor is there any case which has been cited to us or which we can find which supports the view that a violation of [§ 1341] affords the court federal question jurisdiction in a civil case."); Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178-79 (6th Cir. 1979) (holding that no private action can arise from this criminal statute). Duncan thus fails to state a civil claim for conspiracy and mail fraud under 18 U.S.C. § 1341.

Duncan also briefly mentions civil RICO as a basis for relief. To state a RICO claim, a plaintiff must set forth "four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity must include commission of at least two predicate acts." Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003) (internal quotation marks and citation omitted). Duncan's complaint against Citibank alleges a single physical act – filing a complaint that is not prohibited under federal law – and thus does not allege sufficient facts to show a pattern of racketeering activity. The Court will dismiss this cause of action.

Duncan additionally mentions 39 U.S.C. § 3001(d), (h), (i), and § 3005. Subsections (d), (h), and (i) of § 3001 describe matters that are non-mailable by the United States Postal Service. Section 3001(d) prohibits the mailing of matter that reasonably could be interpreted as a bill, invoice, or statement of account due, but that is in fact a solicitation for ordering goods or services, unless the matter contains a specified disclaimer. See § 3001(d). Section 3001(h) prohibits mailing matter that is a solicitation by a non-governmental entity for the purchase of or payment for a product or service if it could be interpreted as implying any federal government connection, approval, or endorsement, unless certain conditions are met. See § 3001(h). Similarly, § 3001(i) prohibits mailing matter that

6

is a solicitation by a non-governmental entity for information or the contribution of funds or membership fees if it could be interpreted as implying any federal government connection, approval, or endorsement, unless certain conditions are met. See § 3001(i). Section 3005 permits the Postal Service to issue an order to return mail or forbid payment upon evidence that any person is engaged in conducting a scheme or device for obtaining money or property through the mail by means of false representations, including actions prohibited under § 3001 and/or through conducting a lottery or gift enterprise. See § 3005. The facts alleged in Duncan's complaint, even read liberally, do not indicate that Citibank mailed to Duncan a document that reasonably could be interpreted as a bill, invoice, or statement of account due, but that is in fact a solicitation for ordering goods or services; or that Citibank solicited Duncan to purchase or pay for a product or service by implying any federal government connection, approval, or endorsement; or that Citibank used the mail to solicit information or the contribution of funds or membership by implying it had a federal government connection, approval, or endorsement. The complaint thus fails to state a cause of action under § 3001(d), (h), (i), or § 3005, and the Court will dismiss those claims.

Duncan also attempts to state a claim "under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause." Compl. at ¶ 115, at 24. The Equal Protection Clause of the Fourteenth Amendment provides: "No *State* shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1 (emphasis added). A violation of the Equal Protection Clause requires that a state actor commit the alleged violations. See Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1446 (10th Cir. 1995) (noting that the Fourteenth Amendment prohibits only discriminatory or wrongful government actions and not private conduct). Duncan has not alleged any facts to suggest that Citibank or any of the other defendants are state

7

actors.  The Court will, therefore, dismiss Duncan's Equal Protection claim for failure to state a claim.

Duncan generally and only briefly mentions liability for "criminal conspiracy" under "tort laws, unfair trade practices statutes."  Compl. at ¶ 48, at 12.  Alleging claims in this conclusory manner does not state a claim under rule 12(b)(6).  See Hall v. Bellmon, 935 F.2d at 1110.

He spends a bit more time asserting claims under "the New Mexico Uniform Commercial Code Chapter 55 et seq."  Compl. at ¶ 27, at 8; see id. ¶¶ 116-23, at 27-29.  He contends that by "continuing to file repeated documents" in the state-court collection suit, id. ¶ 117, at 27; "falsely representing" its claims in the state-court litigation, id. ¶ 118; allegedly knowing that it "lacked sufficient evidence to initiate" the state-court complaint against him, id. ¶ 119, at 28; and intentionally filing the state-court complaint to coerce him to pay the alleged debt, see id. ¶ 123, at 28-29; Citibank violates unstated sections of the New Mexico UCC.  These alleged facts do not support any claim under the New Mexico UCC of which the Court is aware, and it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  Duncan has not responded to Citibank's motion nor requested an opportunity to amend his complaint after having been warned that it is deficient.  The Court will therefore dismiss these claims.

**IT IS ORDERED** that Citibank (South Dakota), N.A.'s Motion to Dismiss all claims brought against Citibank is GRANTED, and all claims are dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jasper Howard Duncan
Texico, New Mexico

  *Plaintiff pro se*

Alice Tomlinson Lorenz
Miller Stratvert P.A.
Albuquerque, New Mexico

  *Attorneys for Defendant Citibank (South Dakota), N.A.*

Thomas A. Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendant Academy Collection Service, Inc.*

Richard Moran
Law Offices of Ferrell & Seldin P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant Ferrell & Seldin P.C.*

Frederick M. Mowrer
Sanchez, Mowrer & Desiderio, P.C.
Albuquerque, New Mexico

  *Defendant Pro Se*