# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JASPER HOWARD DUNCAN,

      Plaintiff,

vs.                                       No. CIV 06-246 JB/KBM

CITIBANK (SOUTH DAKOTA), N.A.,
ACADEMY COLLECTION SERVICE, INC.,
FARRELL & SELDIN, FREDERICK M.
MOWRER, JANE DOE, JOHN DOE,
AND ONE-UP,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Frederick M. Mowrer's Motion to Dismiss Plaintiff's Complaint with Prejudice, filed April 20, 2006 (Doc. 8); and (ii) Defendant Farrell & Seldin's Motion to Dismiss Plaintiff's Complaint, filed May 5, 2006 (Doc. 11). The primary issue is whether the Court should dismiss Plaintiff Jasper Howard Duncan's suit brought under the Federal Debt Collection Protection Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, other statutes, and the Equal Protection Clause for failure to state a claim against either Defendant. Because the Court concludes that the Defendants have satisfied their burden to establish that, on the face of the complaint and the documents Duncan referred to and relied on for his federal cause of action, they are entitled to dismissal, the Court will dismiss all claims against both Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

In accordance with standards applicable to motions brought under rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts are taken from the Complaint and generally are assumed to be true

solely for purposes of this motion.  See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).

Duncan "signed documents which led him to believe that Defendant [Citibank] was going to lend him an unsubstantiated amount to be used for consumer goods pursuant to [§] 1629a(5)" of the FDCPA.  Complaint at ¶ 11, at 4-5, filed Mar. 29, 2006 (Doc. 1).  The alleged credit-card debt at issue arose out of this transaction.  See id. ¶ 12, at 5.  Contrary to these first two allegations, Duncan also states that he "claimed many time [sic] that he had never signed any contract with Defendant [Citibank]."  Id. ¶ 32, at 9.  On March 17, 2003, Duncan sent Citibank a letter demanding that it "cease and desist collection activities pending validation and verification of the alleged debt."  Id. ¶ 19, at 6.

Citibank initially retained Defendant Academy Collection Services to collect the debt.  See id. ¶ 16, at 5.  Academy sent Duncan a letter dated November 24, 2003, characterizing the alleged debt as a "delinquent account" and demanding payment of $8,642.38.  Id. ¶ 20, at 6.  Duncan responded to Academy on December 11, 2003, disputing the claims.  Id. ¶ 21.  By letter dated January 21, 2004, Duncan  "petitioned [Citibank] for validation or verification of the alleged debt."  Id. ¶ 22.  After Citibank allegedly failed to respond, on February 4, 2004, he sent another letter "seeking answers to his questions."  Id. ¶ 23, at 7.

Citibank then retained Farrell & Seldin to continue attempting to collect the debt Duncan allegedly owed.  See id. ¶ 13, at 5.  Duncan maintains that Farrell & Seldin is a "debt collector," as defined in § 1692, and that it "received the purported debt after it was in default."  Id. ¶ 7, at 3.  But, according to Duncan, Citibank "ordered, controlled, managed, dictated, ruled, governed and [is] directly responsible for the illegal actions of [Farrell & Seldin] . . . ."  Id. ¶ 13, at 5.  On May 14, 2004, Farrell & Seldin sent Duncan a letter demanding payment of $8,642.38, "but offering no

2

validation or verification of the alleged debt." Id. ¶ 24, at 7.  A year and one-half later, on December 2, 2005, Citibank, by and through its attorneys Farrell & Seldin and Mowrer ("Citibank's attorney in New Mexico"), Def. Mowrer's Mot. to Dismiss at 3, 4, filed a summons and complaint in the Ninth Judicial District Court of the State of New Mexico, "alleging that Plaintiff Duncan owed [Citibank] the sum of $8,642.38."  Complaint at ¶ 25, at 7.  Duncan contends that the "alleged debt [] didn't even exist." Id. ¶ 27, at 8.

Duncan alleges that Mowrer and Farrell & Seldin, who "take their orders from Defendant [Citibank]" "are misrepresenting the 'amount of the debt' by claiming that Plaintiff owes any money without proper documentations to prove the validity of their unauthorized, illegal and immoral claim." Id. ¶ 31, at 9.   He contends that Mowrer and Farrell & Seldin based their "information upon the order of [Citibank] upon reviewing at best only cursory lawyer information containing consumers name, address and the amount of alleged debt."  Id. ¶ 105, at 21-22.  He further asserts that the Defendants are attempting to collect attorney fees, interest, and out-of-pocket expenses not allowed under the contract or by state law.  See id. ¶ 34, at 9-10.  He maintains that the Defendants have not reviewed his files, and that, if they had done so, they "would have realized that [Citibank] does not have specific evidence to conclusively prove that [Citibank] lent Plaintiff Duncan" any money or even that Citibank does not owe Duncan money.  Id. ¶ 58, at 13-14.  Thus, he argues that the Defendants filed the state-court complaint "without substantiating the proper amount of the debt," id. ¶ 69, at 16, and without "verified information," id. ¶ 71.

Based on these allegations, Duncan complains that Farrell & Seldin and Mowrer have violated nearly every provision, and committed upwards of seventy-five violations, of § 1692.

According to the Defendants, Duncan did not answer Citibank's state-court complaint,

3

choosing instead to file this suit in federal court on March 29, 2006.  The federal complaint mentions various bases for liability, including Chapter 55 of the New Mexico Uniform Commercial Code; federal criminal statutes; 39 U.S.C. §§ 3001(d), (h), (i), and 3005; civil RICO law; and the Equal Protection Clause, but it principally focuses on alleged violations of the FDCPA.  Duncan has not moved to amend his complaint, nor has he filed responses to the motions to dismiss, and the fourteen-day period within which to file a timely response has passed.  See D.N.M. LR-Civ. 7.6(a).

## STANDARD OF REVIEW UNDER RULE 12(b)(6)

Farrell & Seldin attaches to its motion to dismiss a file-stamped copy of Citibank's state-court complaint, which Mowrer signed under Farrell & Seldin's name and which states that Citibank brought the complaint "by and through" its attorneys.  Def. Farrell & Seldin Mot. to Dismiss Ex. 1. An affidavit from a Citibank employee and a copy of the last billing statement from Duncan's Citibank credit-card account evidencing a debt owed in the amount of $8,642.38 is attached to the complaint. See id.  Generally, "[w]hen evaluating a Rule 12(b)(6) motion, [the court] cannot consider information outside the complaint without converting the motion to one for summary judgment." Peterson v. Jensen, 371 F.3d 1199, 1202 (10th Cir. 2004).

> If, however, a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941-42 (10th Cir. 2002) (holding that a court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute authenticity); 5(A) Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1327 (3d ed. 2004) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

Midgley v. Rayrock Mines, Inc., 374 F. Supp. 2d 1039, 1043 (D.N.M. 2005) (Browning, J.).  Duncan

has not disputed the authenticity of the state-court complaint, and the Court concludes that it is authentic and central to Duncan's federal complaint.  The Court, therefore, may consider the state-court complaint and its attachments without converting the motions to dismiss into motions for summary judgment.  See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d at 1384.

In considering a motion to dismiss a complaint for failure to state a claim under rule 12(b)(6), a court must generally accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  But the Court "need not accept as true . . . allegations of fact that are at variance with the express terms of an instrument attached to the complaint as an exhibit and made a part thereof." Jackson v. Alexander, 465 F.2d 1389, 1390 (10th Cir. 1972).  See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d at 1385 ("Although a party may allege in its complaint that a writing satisfies the statute, the document controls when it is properly before the court.  Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the court must accept as true."); Schwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) ("The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint whose authenticity no party questions.") (citations omitted).

Further, in reviewing a pro se complaint, a court applies the same legal standards applicable to pleadings counsel has drafted, but is mindful that the complaint must be liberally construed.  See Hall v. Bellmon, 935 F.2d at 1110.  But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." Id.

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Id.  (citations omitted).

## THE FDCPA

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  § 1692(e).  Falsely representing "the character, amount, or legal status of any debt" violates § 1692e(2)(A).  Collecting (or attempting to collect) an amount "including any interest, fee, charge, or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is an unfair practice under § 1692f(1).  Section 1692g(b) provides that, where a consumer alerts the debt collector that the debt is disputed, the debt collector should stop attempting to collect the debt until the debt collector obtains verification of the debt.

Farrell & Seldin cites federal district court cases holding that a plaintiff must allege as part of his prima facie case that a defendant "*knowingly* misrepresented the character, amount, or legal status of the debt" under § 1692e(2)(A) or was "*knowingly* attempting to collect a charge not authorized by the lease and not permitted by law" under § 1692f(1), and asserts that Duncan cannot state a prima facie case because the complaint and its attachments conclusively demonstrate that it relied on

Citibank for its information, so any error would not be a knowing or intentional one.  But the Seventh Circuit has rejected the premise that knowledge or intent is an element of the prima facie case for causes of action arising under § 1692, because § 1692k(c) expressly provides an affirmative defense to debt collectors based upon the intent of the debt collector.

Under § 1692k(c), which is entitled "Intent," a debt collector that violates § 1692e, or any other substantive provision of the FDCPA, can avoid liability by showing "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." § 1692k(c).  See Johnson v. Riddle, 443 F.3d 723, 727-28 (10th Cir. 2006) (stating that "an FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error"); Jenkins v. Heintz, 124 F.3d 824, 834 (7th Cir. 1997) (same).  When a law firm that is hired to represent the creditor in a collection action has its client "verify under oath that each of the charges was true and correct," the firm has demonstrated it used a reasonable procedure designed to avoid factual errors in the amount of a debt represented in the subsequent litigation.  Jenkins v. Heintz, 124 F.3d at 834.

Interpreting § 1692e(2)(A) or § 1692f  to contain an element of intent "would arguably be rendering § 1692k(c) superfluous, because a debt collector who violates [either provision] would, per se, be found to have done so with knowledge and would thus be ineligible for the affirmative defense of § 1692k(c)."  Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 997 (7th Cir. 2003).  "Any defense pertaining to the collector's knowledge or lack thereof must be raised under § 1692k(c)." Id.  To satisfy the "intent prong" of § 1692k(c)'s affirmative defense, the defendant must only "show

that the violation was unintentional, not that the underlying act itself was unintentional."  Johnson

v. Riddle, 443 F.3d at 728.  Thus,

> to establish a prima facie case for violation of the FDCPA requires plaintiff to plead
> and prove four elements:
> (1) the plaintiff is any natural person who is harmed by violations of the FDCPA, or is a
> "consumer" within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692c(d) for purposes of a
> cause of action pursuant to 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11);
> (2) the "debt" arises out of a transaction entered primarily for personal, family, or household
> purposes; 15 U.S.C.A. § 1692a(5);
> (3) the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A.
> § 1692a(6); and
> (4) the defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A.
> § 1692a-1692o; 15 U.S.C.A. § 1692a; 15 U.S.C.A. § 1692k.
>
> If any of these elements are not met, a case may be defended on that basis.

29 CAUSES OF ACTION 2d 1 § 49 (2005).  In addition, the defendant debt collector/attorney may raise

the affirmative defense of lack of intent or knowledge leading to a bona fide error, coupled with proof

of maintenance of procedures designed to avoid such errors.  "[T]he procedures component of the

bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained' –

i.e., actually employed or implemented – procedures to avoid errors; and, second, whether the

procedures were 'reasonably adapted' to avoid the specific error at issue."  Johnson v. Riddle, 443

F.3d at 729.

## ANALYSIS

I.   **CLAIMS BROUGHT UNDER THE FDCPA.**

### A.  MOWRER'S MOTION TO DISMISS.

Mowrer's motion to dismiss claims brought under the FDCPA is based solely on his assertion

that Duncan's complaint "wholly lacks any statement of factual background or history to support the

allegations made against Mowrer," and that it must be dismissed under rule 8(a) of the Federal Rules

of Civil Procedure.  Def. Mowrer's Mot. to Dismiss at 1, 5.  But, as demonstrated above, on the face

of his federal complaint, Duncan stated facts that could potentially support a violation of three

sections of the FDCPA, and Mowrer failed to submit undisputed and authentic documents on which

Duncan relied to establish Mowrer's entitlement to dismissal.  In deciding the motion to dismiss, the

Court must disregard Mowrer's bald contentions made in his brief that "[v]erification of debt as

required by statute was sent to Plaintiff in this action."  Id. at 3.  Mowrer has failed to establish his

right to dismissal.

### B.  FARRELL & SELDIN'S MOTION TO DISMISS.

Although it does not couch its motion to dismiss in terms of an affirmative defense, Farrell

& Seldin does assert that Duncan's federal complaint, when read with the attached state-court

complaint to which Duncan refers, conclusively demonstrates that neither Farrell & Seldin nor

Mowrer have violated any provision of the FDCPA, so Duncan cannot establish the fourth element

of his prima facie case.  The Court agrees that the pleadings in the state-court case conclusively

contradict most of Duncan's assertions.  The Court also concludes that both Farrell & Seldin and

Mowrer are entitled to dismissal based on the affirmative defense of bona fide error even if the Court

accepts as true Duncan's claim that he does not owe any debt to Citibank.  See Marsh v. Butler

County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (noting that a complaint may be dismissed "when

its allegations – on their face – show that an affirmative defense bars recovery on the claim");

Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (stating that, a "review of the

complaint, together with any other documents appropriately considered under Fed. R. Civ. P.

12(b)(6), must leave no doubt that the plaintiff's action is barred by the asserted defense") (internal

quotation marks omitted).

Citibank's state-court complaint establishes that Farrell & Seldin and Mowrer filed the complaint on Citibank's behalf and not as subsequent holders of Duncan's debt, thus conclusively contradicting Duncan's allegation that Farrell & Seldin "received the purported debt after it was in default." Complaint at ¶ 7, at 3. The exhibits attached to the state-court complaint conclusively establish that Farrell & Seldin and Mowrer based the complaint's stated amount of debt due on a sworn affidavit and copy of Duncan's account, thereby successfully contradicting Duncan's claim that the Defendants filed the state-court complaint "without substantiating the proper amount of the debt," id. ¶ 69, at 16, and without "verified information," id. ¶ 71. And the state-court complaint and its attachments also conclusively demonstrate that the amount of debt the Defendants alleged as past due was not based on improper fees or other expenses not allowed under the contract or by state law, contrary to Duncan's assertions, but, rather, represented solely the amount due on the past-due account. In short, the state-court complaint conclusively establishes that Farrell & Seldin and Mowrer did not violate § 1692f or § 1692g for the FDCPA.

The Court disagrees with Farrell & Seldin's assertion that the state-court complaint and its attachments conclusively establish that the Defendants have not alleged a debt that is incorrect, which would violate § 1692e(2)(A). That issue will be resolved in the state-court action. But because the Defendants required Citibank to provide them with a sworn affidavit and copy of the account to attach to the state-court complaint, any presumed error in the amount claimed would be a bona fide factual error, and the Defendants' procedure in requiring Citibank to provide the sworn affidavit and copy of the account before filing suit on its behalf was reasonably designed to avoid that error as a matter of law. See Johnson v. Riddle, 443 F.3d at 729; Jenkins v. Heintz, 124 F.3d at 834 (permitting a debt collector to rely on the creditor's representations without further investigation that all charges

were authorized under the contract because requiring sworn verification of the debt was a reasonable procedure to avoid error regarding the amount of the debt).  The Court concludes that, assuming Duncan's statement that he owes no debt to Citibank is true such that the amount due as stated in the state-court complaint is erroneous, Farrell & Seldin and Mowrer are entitled to dismissal based on the affirmative defense of bona fide error as a matter of law.  Thus nothing in Duncan's federal complaint, when read in conjunction with the state-court complaint, states a claim against Farrell & Seldin or Mowrer for abusive debt collection practices prohibited by § 1692.  See id. at 833 ("The [FDCPA] reads that debt collectors are not liable for attempting to collect validly certified amounts owed to their creditors.").

## II.    OTHER CLAIMS.

Duncan briefly attempts to allege a cause of action for criminal conspiracy and mail fraud against the Defendants under 18 U.S.C. § 1341.  See Complaint at ¶ 27, at 8.  This statute, however, is a criminal statute that does not give rise to a private civil cause of action.  See Oppenheim v. Sterling, 368 F.2d 516, 519 (10th Cir. 1966) ("There is no legislative history nor is there any case which has been cited to us or which we can find which supports the view that a violation of [§ 1341] affords the court federal question jurisdiction in a civil case."); Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178-79 (6th Cir. 1979) (holding that no private action can arise from this criminal statute). Duncan thus fails to state a civil claim for conspiracy and mail fraud under 18 U.S.C. § 1341.

Duncan also briefly mentions civil RICO as a basis for relief.  To state a RICO claim, a plaintiff must set forth "four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  A pattern of racketeering activity must include commission of at least two predicate acts."  Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003) (internal

quotation marks and citation omitted).  Duncan's complaint against Farrell & Seldin and Mowrer alleges a single physical act – filing a complaint that is not prohibited under federal law – and thus does not allege sufficient facts to show a pattern of racketeering activity.  The Court will dismiss this cause of action.

Duncan additionally mentions 39 U.S.C. § 3001(d), (h), (i), and § 3005.  Subsections (d), (h), and (i) of § 3001describe matters that are non-mailable by the United States Postal Service.  Section 3001(d) prohibits the mailing of matter that reasonably could be interpreted as a bill, invoice, or statement of account due, but that is in fact a solicitation for ordering goods or services, unless the matter contains a specified disclaimer.  See § 3001(d).  Section 3001(h) prohibits mailing matter that is a solicitation by a non-governmental entity for the purchase of or payment for a product or service if it could be interpreted as implying any federal government connection, approval, or endorsement, unless certain conditions are met.  See § 3001(h).  Similarly, § 3001(i) prohibits mailing matter that is a solicitation by a non-governmental entity for information or the contribution of funds or membership fees if it could be interpreted as implying any federal government connection, approval, or endorsement, unless certain conditions are met.  See § 3001(i).  Section 3005 permits the Postal Service to issue an order to return mail or forbid payment upon evidence that any person is engaged in conducting a scheme or device for obtaining money or property through the mail by means of false representations, including actions prohibited under § 3001 and/or through conducting a lottery or gift enterprise.  See § 3005.  The facts alleged in Duncan's complaint, read liberally, do not indicate that Farrell & Seldin or Mowrer mailed to Duncan a document that reasonably could be interpreted as a bill, invoice, or statement of account due, but that is in fact a solicitation for ordering goods or services; or that they solicited Duncan to purchase or pay for a product or service by implying any

federal government connection, approval, or endorsement; or that they used the mail to solicit information or the contribution of funds or membership by implying it had a federal government connection, approval, or endorsement.  The complaint thus fails to state a cause of action under § 3001(d), (h), (i), or § 3005, and the Court will dismiss those claims.

Duncan also attempts to state a claim "under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause."  Complaint at ¶ 115, at 24.  The Equal Protection Clause of the Fourteenth Amendment provides:  "No *State* shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1 (emphasis added).  A violation of the Equal Protection Clause requires that a state actor commit the alleged violations.  See Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1446 (10th Cir. 1995) (noting that the Fourteenth Amendment prohibits only discriminatory or wrongful government actions and not private conduct).  Duncan has not alleged any facts to suggest that Farrell & Seldin, Mowrer, or any of the other Defendants are state actors.  The Court will, therefore, dismiss Duncan's Equal Protection claim for failure to state a claim.

Duncan generally and only briefly mentions liability for "criminal conspiracy" under "tort laws, unfair trade practices statutes."  Complaint at ¶ 48, at 12.  Alleging claims in this conclusory manner does not state a claim under rule 12(b)(6).  See Hall v. Bellmon, 935 F.2d at 1110.

Duncan spends a bit more time asserting claims under "the New Mexico Uniform Commercial Code Chapter 55 et seq."  Complaint at ¶ 27, at 8; see id. ¶¶ 116-23, at 27-29.  He contends that, by "continuing to file repeated documents" in the state-court collection suit, id. ¶ 117, at 27; "falsely representing" its claims in the state-court litigation, id. ¶ 118; allegedly knowing that it "lacked sufficient evidence to initiate" the state-court complaint against him, id. ¶ 119, at 28; and intentionally

13

filing the state-court complaint to coerce him to pay the alleged debt, see id. ¶ 123, at 28-29; the Defendants violated unstated sections of the New Mexico UCC. These alleged facts do not support any claim under the New Mexico UCC of which the Court is aware, and it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. Duncan has not responded to the Defendants' motions to dismiss nor requested an opportunity to amend his complaint after having been warned that it is deficient. The Court will therefore dismiss these claims.

**IT IS ORDERED** that Mowrer's Motion to Dismiss Plaintiff's Complaint is denied; Farrell & Seldin's Motion to Dismiss Plaintiff's Complaint is granted; and all claims against both Defendants are dismissed.

UNITED STATES DISTRICT JUDGE

14

*Counsel*:

Jasper Howard Duncan
Texico, New Mexico

    *Plaintiff pro se*

Alice Tomlinson Lorenz
Miller Stratvert P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Citibank (South Dakota), N.A.*

Thomas A. Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Academy Collection Service, Inc.*

Richard Moran
Law Offices of Ferrell & Seldin P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Ferrell & Seldin P.C.*

Frederick M. Mowrer
Sanchez, Mowrer & Desiderio, P.C.
Albuquerque, New Mexico

    *Defendant Pro Se*