## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JASPER HOWARD DUNCAN,

        Plaintiff pro se,

vs.                                                                     No. CIV 06-0246 JB/KBM

CITIBANK (SOUTH DAKOTA), N.A.,
ACADEMY COLLECTION SERVICE, INC.,
FARRELL & SELDIN, FREDERICK M.
MOWRER, JANE DOE, JOHN DOE,
AND ONE-UP,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Citibank (South Dakota), N.A.'s Motion for Rule 11 Sanctions, filed June 16, 2006 (Doc. 16)("Motion for Sanctions"). The primary issue is whether the Court should impose sanctions upon pro se Plaintiff Jasper Duncan under rule 11 of the Federal Rules of Civil Procedure. Because Duncan has not responded to the motion within the time that the Court's local rules allow, and has thereby impliedly consented to the motion, and because the Court believes that Duncan filed his action for an improper purpose, the Court will grant the motion.

## FACTUAL BACKGROUND

Duncan held a credit card account with Defendant Citibank (South Dakota), N.A. ("Citibank") and incurred over $8,000.00 in charges. See Defendant Citibank (South Dakota), N.A.'s Memorandum in Support of Motion for Rule 11 Sanctions at 1, filed June 16, 2006 (Doc. 17)("Rule 11 Memorandum"). After a collection service that Citibank hired, Defendant Academy Collection

Service, Inc. ("Academy"), was unsuccessful in its efforts to collect on Duncan's debt, Citibank initiated a collection action in the State of New Mexico Ninth Judicial District on December 2, 2005. See Citibank (S.D.), N.A. v. Duncan, No. D-0905-CV-200500558 (N.M. Ninth Jud. Dist. 2005)(docket available at www.nmcourts.com/caselookup). On March 29, 2006, Duncan filed a Complaint in federal court charging Citibank, Academy, and several attorneys for Citibank with violations of the Fair Debt Collection Protection Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), and asserting claims under a number of alternative statutory and commercial tort theories, including criminal mail fraud in violation of 18 U.S.C. § 1341, civil liability based on violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d) ("RICO"), prohibited mailings in violation of 39 U.S.C. §§ 3001(d), (h), and (i), and 3005, and violations of the New Mexico Uniform Commercial Code ("UCC"). See Complaint, filed March 29, 2006 (Doc. 1)("Complaint").

Citibank represents that, at the time it filed this motion, at least seventeen other cardholders have filed substantially similar complaints against itself, its affiliates, and/or its counsel in federal courts across the country. See Rule 11 Memorandum at 2; Rule 11 Memorandum, Exhibit A, List of Known Cases as of 04/27/2006 (citing Tanner v. Citibank, No. 1:06CV00047 TC (D. Utah 2006), Complaint, filed April 24, 2006; Harper v. Citibank (S.D.) N.A., No. 4-06CV-266-A (N.D. Tex. 2006), Complaint, filed April 20, 2006; Harper v. Citibank (S.D.) N.A., No. 4-06CV-267-Y (N.D. Tex. 2006), Complaint, filed April 20, 2006; Walter v. Citibank (S.D.) N.A., No. 06-CV-00713 2 ZLW-BNB (D. Colo. 2006), Complaint, filed April 17, 2006; Stocke v. Citibank, N.A., No. 06-4071 JFG (S.D. Ill. 2006), Complaint, filed March 31, 2006; Thames v. Citibank (S.D.) N.A., No. 3:06CV182-TSC-JCS (S.D. Miss. 2006), Complaint, filed March 29, 2006 Dare v. Citibank, N.A., S.D., No. 1:06CV165 (S.D. Ohio 2006), Complaint, filed March 23, 2006; Courchene v. Citibank,

No. 06-4026-CV-C-NKL (W.D. Mo. 2006), Complaint, filed March 17, 2006; Brown v. Citibank, S.D. N.A., No. 5:06-CV-123 (E.D.N.C. 2006), Complaint, filed March 16, 2006; Smith v. Citibank (S.D.), N.A., No. 7:06-CV-00124 (W.D. Va. 2006), Complaint, filed March 2, 2006; Thompson v. Citibank (S.D.), N.A., No. 06-1046-MLB (D. Kan. 2006), Complaint, filed February 28, 2006; Schaffhauser v. Citibank (S.D.) N.A., No. 1:CV 05-2230 (M.D. Pa. 2005), Complaint, filed October 31, 2005; Schaffhauser v. Citibank (S.D.) N.A., No. 1:CV 05-2075 (M.D. Pa. 2005), Complaint, filed October 12, 2005; Raef v. Neil, No. 05-CV-4587 (E.D. Pa. 2005), Complaint, filed August 30, 2005; Dahlhammer v. Citibank S.D. N.A., No. 4:CV 05-1749 (M.D. Pa. 2005), Complaint, filed August 29, 2005; Sprague v. Neil, No: 1:CV 05-1605 (M.D. Pa. 2005), Complaint, filed August 8, 2005; Haselden v. Patrick A. Carey, P.A., No. 6:05-CV-1114-ORL-31-KRS (M.D. Fla. 2005)).  Citibank contends that the plaintiffs in each of these cases assert virtually identical allegations, employ substantively similar "form" pleadings, and filed their federal actions only after Citibank filed suit in state court to collect a debt.  See Rule 11 Memorandum at 2.  Citibank states that, upon information and belief, similar actions have been filed against other creditors.  See id.  In at least two of the cases that Citibank cites, federal district judges have granted defendants' motions requesting rule 11 sanctions be imposed upon the plaintiffs and/or counsel for the plaintiff.  See Defendant Citibank (South Dakota), N.A.'s Supplemental Authorities in Support of its Motion for Rule 11 Sanctions, filed November 7, 2006 (Doc. 27), Exhibit A, Brown v. Citibank, S.D. N.A., No. 5:06-CV-123 (E.D.N.C. 2006), Order, filed October 25, 2006 (Doc. 14); Defendant Citibank (South Dakota), N.A.'s Submission of Additional Supplemental Authorities in Support of its Motion for Rule 11 Sanctions, filed February 7, 2007 (Doc. 28), Exhibit A, Dahlhammer v. Citibank S.D. N.A., No. 4:CV 05-1749 (M.D. Pa. 2005), Order, filed January 31, 2007 (Doc. 44).

## PROCEDURAL BACKGROUND

Citibank filed a motion to dismiss Duncan's federal complaint on April 18, 2006.  See Defendant Citibank (South Dakota), N.A.'s Motion to Dismiss with Prejudice, filed April 18, 2006 (Doc. 2).  Duncan did not file a response to Citibank's motion to dismiss within the time local rules allow.  On June 30, 2006, the Court issued a Memorandum Opinion and Order dismissing Duncan's claims against Citibank.  See Memorandum Opinion and Order, filed June 30, 2006 (Doc. 19)("Dismissal Opinion").  In its opinion dismissing Duncan's claims, the Court explained that the FDCPA does not apply to creditors, and that Duncan's complaint against Citibank otherwise fails to state any cognizable claim.  See id. at 1.

On June 16, 2006, Citibank filed its motion for rule 11 sanctions.  See Motion for Sanctions. On July 3, 2006, Duncan filed a motion for voluntary dismissal and moved the Court to dismiss his claims without prejudice.  See Motion for Voluntary Dismissal, filed July 3, 2006 (Doc. 22)("Motion for Voluntary Dismissal").  Although filed on July 3, 2006, Duncan's motion for voluntary dismissal and the Certificate of Service attached to his motion are dated June 29, 2006 -- one day before the Court issued its opinion dismissing his claims; Duncan represents that he served his motion on all defendants "by depositing same in the United States Mail with adequate first-class postage affixed thereto."  Motion for Voluntary Dismissal at 1-2.  Citibank contends that Duncan's motion for voluntary dismissal was belated, moot, and defective in service, because it was purportedly mailed to Citibank's business address rather than to its undersigned counsel of record in this case.  See Defendant Citibank (South Dakota), N.A.'s Reply Supporting Motion for Rule 11 Sanctions at 1, filed July 14, 2006 (Doc. 24)("Citibank's Reply").  The Court issued an order dismissing Duncan's motion for voluntary dismissal as moot on March 31, 2007.  See Order, filed March 31, 2007 (Doc.

-4-

29).

In accordance with rule 11(c)(1)(A)'s safe harbor provision, Citibank served its motion for sanctions and supporting memorandum on Duncan and all parties at least twenty-one days before filing the motion and memorandum with the Court.  See Motion for Sanctions ¶ 5, at 2.  Because Duncan is proceeding pro se, Citibank also inquired regarding concurrence in the motion at that time.  See D.N.M. LR-Civ. 7.4(a) (requiring movant to request concurrence of each party at least three working days before filing a motion in cases where any party appears pro se).

Academy provided its telephonic concurrence in this motion on May 24, 2006.  See Motion for Sanctions ¶ 6, at 2.  Defendant Frederick M. Mowrer provided his telephonic concurrence in this motion on June 2, 2006.  See id.  Duncan did not respond to Citibank's inquiries regarding this motion.  See id.

Citibank requests that the Court grant its motion for rule 11 sanctions, and provide the following relief: (i) enter an order requiring Duncan to reimburse all of Citibank's attorneys' fees and costs incurred in defending this action and filing this motion;[1] (ii) enter an order dismissing this action with prejudice or, alternatively, striking Duncan's pleadings; (iii) enter an order enjoining Duncan, and anyone acting in conjunction with Duncan, anyone acting at the direction of Duncan, or anyone acting on Duncan's behalf, as well as Duncan's agents, employees, family members, and assigns, from filing any similar action against Citibank in any court without first obtaining leave from this Court;

---

[1]In its original motion for sanctions, Citibank did not request a specific amount of fees and costs, but rather requested ten days from the entry of an order to file evidence in support of the amount of fees and costs it was seeking.  See Motion for Sanctions at 4.  Duncan did not respond to this motion, however, and the Court dismissed Duncan's claims and entered final judgment on June 30, 2006.  Accordingly, contemporaneous with filing its reply on this motion, Citibank filed an affidavit documenting the precise amount of attorneys' fees and costs it was seeking.  See Affidavit of Robin A. Goble ¶ 5, at 2, filed July 14, 2006 (Doc. 25).

and (iv) enter an order providing such other and further relief as the Court deems necessary.  <u>See</u>

Motion for Sanctions at 4-5.

**<u>RULE 11</u>**

Rule 11 states that, when an attorney or unrepresented party makes a presentation to the court

-- whether by signing, filing, submitting, or later advocating -- a pleading or associated evidentiary

document, the attorney or  unrepresented party makes a number of representations to the court.  <u>See</u>

Fed. R. Civ. P. 11(b).  Specifically, the attorney or unrepresented party certifies that:

> [T]o the  best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b)(1)-(4).  If, after the party accused of violating rule 11 is given notice and a

reasonable opportunity to respond, the court determines that the party has violated the rule, the court

may, at its discretion, impose sanctions.  <u>See</u> Fed. R. Civ. P. 11(c).

A district court may impose sanctions pursuant to a party's motion or <u>sua</u> <u>sponte</u>.  <u>See</u> Fed.

R. Civ. P. 11(c)(1)(A)-(B).  When determining whether sanctions are appropriate, a district court

"should 'use[] an objective reasonableness test to determine whether a Rule 11 violation has

-6-

occurred,' and that 'once it is determined that a Rule 11 violation has occurred, the imposition of sanctions is mandatory.'" Schrag v. Dinges, Nos. 94-3005, 94-3093, and 94-3102, 1995 U.S. App. LEXIS 31949, **35-36 (10th Cir. Nov. 14, 1995), rev'd on other grounds, Nos. 96-3302, 96-3321, and 96-3322, 1998 U.S. App. LEXIS 6797 (10th Cir. Apr. 6, 1998).  A district court's decision to impose sanctions under rule 11 is reviewed for abuse of discretion.  Roth v. Green, 466 F.3d 1179, 1187 (10th Cir. 2006).

If the court determines that sanctions are appropriate, "the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Olcott v. Del. Flood Co., 76 F.3d 1538, 1554 (10th Cir. 2004)(quoting Fed. R. Civ. P. 11(c)(2)).  Any sanction imposed, however, "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(2).

Finally, a plaintiff proceeding pro se is not excused from complying with rule 11's requirements.  See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'")(quoting Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)).  Both rule 11's plain language and the United States Court of Appeals for the Tenth Circuit's caselaw demonstrate that "[p]ro se status does not provide litigants with a license to file baseless pleadings that serve to 'clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'"  Adams v. New Mexico, Nos. 90-2158 & 90-2190, 1991 WL 35222, at *2 (10th Cir. Feb. 22, 1991)(quoting Patterson v. Aiken, 808 F.2d 383, 387 (11th Cir.1988)).  See Fed. R. Civ. P. 11(b) (imposing same standard on both

attorneys and "unrepresented part[ies]").  To comply with rule 11, "a pro se party's actions must be objectively reasonable."  Clements v. Chapman, 189 Fed. Appx. 688, 693 (10th Cir. 2006). Extending the requirements of rule 11 to pro se litigants promotes the policies of efficiency and fairness underlying the rule, and "[r]equiring pro se litigants to make the Rule 11 certification ensures that, in each case, at least one person has taken responsibility for inquiry into the relevant facts and law." Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 564 (1991)(Kennedy, J., dissenting).

## ANALYSIS

Citibank filed its Motion for Sanctions on June 16, 2006. Duncan has not filed a written response and the time for doing so has passed. Pursuant to Local Civil Rule 7.6(a), "[a] response must be served within fourteen (14) calendar days after service of the motion." D.N.M.L.R.-Civ. 7.6(a). In addition, Local Civil Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. L.R.-Civ. 7.1(b).

Nevertheless, despite Duncan's consent under the rule, because he is proceeding pro se, the Court has independently reviewed the contents of the motion and the circumstances of the case to determine whether it should grant Citibank's motion. Because the Court believes there are adequate legal grounds upon which to grant the relief Citibank requests, and because the Court believes that granting Citibank's motion would be consistent with its earlier rulings in this case, the Court will grant the motion and award Citibank its reasonable attorneys' fees and costs associated with defending this action and filing this motion.

I.      **SANCTIONS ARE WARRANTED BECAUSE DUNCAN HAS VIOLATED RULE 11.**

Under rule 11, when an unrepresented party files an action in federal court, the party is certifying that his claims are warranted by existing law, or by a non-frivolous argument for the modification of existing law or establishment of new law, and that his claims are not being presented for an improper purpose. The Court has already determined that Duncan's claims are not supported by existing law, and Duncan has not made any argument in support of a modification of the law or for the establishment of new law. Moreover, because the Court believes that Duncan has raised his claims in federal court for an improper purpose, the Court will impose sanctions under rule 11.

A.      **DUNCAN'S CLAIMS ARE NOT SUPPORTED BY EXISTING LAW, AND HE HAS NOT ADVANCED A NON-FRIVOLOUS ARGUMENT FOR THE MODIFICATION OF EXISTING LAW OR THE ESTABLISHMENT OF NEW LAW.**

Duncan's Complaint alleges violations of the FDCPA and asserts claims under a number of alternative statutory and commercial tort theories, including criminal mail fraud in violation of 18 U.S.C. § 1341, civil liability based on RICO violations, prohibited mailings in violation of 39 U.S.C. §§ 3001(d), (h), and (i), and 3005, and violations of the UCC. The Court dismissed all of Duncan's claims on June 30, 2006. See Dismissal Opinion.

In its Dismissal Opinion, the Court noted that the FDCPA regulates abusive practices of debt collectors, and the statute includes a specific definition of that term. See Dismissal Opinion at 4 (citing 15 U.S.C. § 1692a(6)). The Court dismissed Duncan's FDCPA claim because he has not alleged any facts indicating that Citibank qualifies as a debt collector as defined under the statute. See Dismissal Opinion at 5. Similarly, the Court addressed each of Duncan's other claims individually and concluded that he had not stated a cognizable claim under any of his theories of liability. See id.

at 5-8.  In considering Citibank's motion for sanctions, the Court has carefully reviewed its Dismissal Opinion and continues to find the reasoning sound.

In asserting claims, Duncan was obligated to conduct a reasonable inquiry into the validity of his claims to confirm that they were not frivolous.  The Court believes that, through such an inquiry, Duncan would have learned that the FDCPA did not apply to Citibank and that his other claims were not cognizable.  Moreover, Duncan has not responded to Citibank's motion to dismiss or to this motion for sanctions, and consequently, has not presented the Court with <u>any</u> argument for the extension, modification, or reversal of existing law or the establishment of new law, or requested an opportunity to amend his complaint.  Because existing law does not support Duncan's claims, and because he has not presented a non-frivolous argument why the law should be changed or expanded to support his claims, the Court may exercise its discretion to impose sanctions under rule 11.

### B.    DUNCAN'S ACTION WAS PRESENTED FOR AN IMPROPER PURPOSE.

Citibank contends that Duncan's action in federal court "has no purpose other than harassing Citibank, attempt to delay Citibank in its efforts to collect the debt, and forcing Citibank to incur litigation expenses in the hope that it will dismiss the Collection Action."  <u>See</u> Rule 11 Memorandum at 5.  Citibank suggests that Duncan filed his federal complaint for a number of impermissible purposes, including: (i) to harass Citibank and its associates/co-defendants; (ii) to prevent Citibank from exercising contractual rights; (iii) to prevent Citibank from exercising its rights as a creditor; (iv) to punish Citibank's counsel for vigorously representing their client in the state collection action; (v) to cause delay in the state collection action; and (vi) to compel Citibank to incur unnecessary costs and fees.  <u>See</u> Motion for Sanctions ¶ 10, at 3-4.

Citibank argues that "objectively ascertainable" evidence reveals Duncan's improper purpose.

-10-

Rule 11 Memorandum at 5.  Citibank notes that Duncan filed his action in federal court only after it

initiated the state court action to collect his debt, and that, in filing his claim, he used form documents

that at least seventeen other debtors have used to sue Citibank after it attempted to collect delinquent

accounts in state court actions.  See id.  Citibank contends, moreover, that had Duncan performed

a reasonable investigation into the law, he would have learned that his cause of action had no legal

basis, and that any claim he did have, should have been addressed in the state court collection action.

See Motion for Sanctions ¶ 9, at 3.

     In Brown v. Citibank, S.D. N.A., No. 5:06-CV-123-FL, 2006 U.S. Dist. LEXIS 82785

(E.D.N.C. 2006), the Honorable Louise W. Flanagan, Chief United States District Judge for the

Eastern District of North Carolina, imposed rule 11 sanctions against a pro se plaintiff who had filed

a form complaint alleging violations of the FDCPA, RICO, and various state statutes against Citibank

and its lawyers after Citibank initiated a state court action to collect on the plaintiff's credit card debt.

In imposing sanctions, Chief Judge Flanagan concluded that the plaintiff's pro se status did not excuse

the frivolous nature of her lawsuit.

> The filing of the instant complaint has wasted valuable resources of the judicial system
> and resulted in expenditures of time by defendants' attorneys, and fees and costs
> accruing to defendants.  Plaintiff has sought to advance in this forum a debt avoidance
> scheme predicated upon a form complaint, resulting in the type of frivolous litigation
> for which sanctions are appropriate.  Plaintiff filed the complaint before responding
> fully to the pending state collection action against her.  A minimum amount of
> research into her claim, as this court expects from any litigant, would have revealed
> the major deficiencies discussed above, including the folly of plaintiff's reliance upon
> inapplicable [state] statutes. In sum, a needless waste of valuable time and resources
> has resulted.

Brown v. Citibank, S.D., N.A., 2006 U.S. Dist. LEXIS 82785, at *10-11.  Chief Judge Flanagan also

noted that at least one other federal district court had already imposed rule 11 sanctions on a plaintiff

using the same form complaint as the plaintiff in Brown v. Citibank, S.D., N.A.. See id. at *11 (citing

Cormier v. US Bank, N.A., No. 2:06-CV-00480-TSZ (W.D. Wash. 2006)).

   The Court believes that Duncan's action suffers from the same deficiencies as the plaintiff's

action in Brown v. Citibank, S.D., N.A.  While Duncan is proceeding pro se, that status does not

excuse him from his obligation to comply with rule 11, and to perform a reasonable inquiry into the

merits of his claim before filing any action in federal court.  Given the number of identical cases that

Citibank has cited, a reasonable inquiry would have indicated to Duncan that he could not maintain

his Complaint.  See Patterson v. Aiken, 111 F.R.D. 354, 357 (N.D. Ga. 1986)("Courts have a right

to expect pro se plaintiffs to find clearly settled law which goes directly against them.").

   Duncan's improper purpose is also revealed in his failure to properly prosecute this action.

Duncan did not initiate his federal cause of action until after Citibank initiated it collection action in

state court.  Duncan did not file a timely response to Citibank's April 18, 2006 motion to dismiss and

has not filed a response to this motion for sanctions.  Indeed, since initially filing his Complaint on

March 29, 2006, Duncan's sole filing in this action has been his motion for voluntary dismissal filed

three days after the Court issued its opinion dismissing his case.  The timing of Duncan's filings, the

form and nature of his Complaint, and his refusal to address the merits of his cause of action convince

the Court that his action was filed for an improper purpose, that it is not objectively reasonable, and

that sanctions under rule 11 are appropriate in this case.

   The imposition of sanctions will also promote rule 11's policy goals of specific and generic

deterrence.  See Findlay v. Banks (In re Cascade Energy & Metals Corp.), 87 F.3d 1146, 1150 (10th

Cir. 1996)(quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 404 (1990)); Hughes v. City of

Fort Collins, 926 F.2d 986, 988 (10th Cir. 1991)(same).  First, sanctions are appropriate to discipline

Duncan for his violation of rule 11 and to discourage him from bringing similar actions in the future. Second, considering the number of similar cases from around the nation that Citibank has cited, and the value of the federal courts' judicial resources, sanctions are a means to discourage others considering such a scheme from abusing the right of access to federal courts.

Duncan has abused access to the Court by filing a pleading that has no proper purpose. Duncan has wasted judicial resources and caused Citibank to incur attorneys' fees and other costs. The Court will employ the broad discretion afforded it pursuant to rule 11 and sanction Duncan.

## II.   THE COURT WILL AWARD CITIBANK THE FEES AND COSTS IT INCURRED IN DEFENDING THIS ACTION.

In its motion for sanctions, Citibank requested that the Court grant its motion for rule 11 sanctions, and provide the following relief: (i) enter an order requiring Duncan to reimburse all of Citibank's attorneys' fees and costs incurred in defending this action and filing this motion; (ii) enter an order dismissing this action with prejudice or, alternatively, striking Duncan's pleadings; (iii) enter an order enjoining Duncan, and anyone acting in conjunction with Duncan, anyone acting at the direction of Duncan, or anyone acting on Duncan's behalf, as well as Duncan's agents, employees, family members, and assigns, from filing any similar action against Citibank in any court without first obtaining leave from this Court; and (iv) enter an order providing such other and further relief as the Court deems necessary. See Motion for Sanctions at 4-5. Subsequent to Citibank filing its motion, on June 30, 2006, the Court filed its Dismissal Opinion and entered final judgment in this case. See Dismissal Opinion; Final Judgment, filed June 30, 2006 (Doc. 21). Accordingly, in its reply, Citibank acknowledged the Court's opinion and final judgment, and confined its request to attorneys' fees and costs. See Citibank's Reply at 1-2.

Citibank's counsel provided legal services in this case for $200.00 per hour.  <u>See</u> Affidavit of Robin A. Goble ¶ 5, at 2, filed July 14, 2006 (Doc. 25).  The Court has reviewed carefully the copies of counsel's time records attached to the affidavit, and the work performed appears necessary and reasonable.  The hourly rate of Citibank's counsel is within the range experienced commercial law counsel charge clients similar to Citibank in this district and state.

A review of Citibank's counsel's records reflect that Citibank has incurred attorneys' fees of $1,751.48, including gross receipts taxes, defending against Duncan's complaint; this amount includes the time attendant to preparing the affidavit documenting fees and costs.  <u>See</u> <u>id.</u> ¶ 7, at 2.  In addition, Citibank incurred the amount of $60.39 as costs of defense, including tax on the costs.  <u>See</u> <u>id.</u>  Accordingly, the Court will award Citibank $1,751.48 in fees and $60.39 in costs,  for a total of $1,811.87 against Duncan.

Because the Court has already entered final judgment, the Court will not go back and amend the judgment to state whether the dismissal is with or without prejudice.  The Court also sees no reason to strike the pleadings.  The Court has dismissed Duncan's claims, and that relief is sufficient to resolve the dispute.

Finally, while it is sometimes appropriate for the Court to put in place extraordinary filing procedures to prevent a plaintiff from abusive and multiple filings, <u>see</u> <u>Phillips v. Carey</u>, 638 F.2d 207, 209 (10th Cir. 1981)(holding that, in well documented and extreme cases, "[r]easonable restrictions may be placed on all litigants who seek to advance repetitive causes, who file actions for obviously malicious purposes, and who generally abuse the processes"), these procedures do not appear to be necessary here.  To the Court's knowledge, Duncan has only filed this one action, so his problem is not multiple or successive lawsuits.  Instead, his problem is this lawsuit.  The Court will decline to

-14-

enjoin him in the broad manner that Citibank requests at this time.

**IT IS ORDERED** that Defendant Citibank (South Dakota), N.A.'s Motion for Rule 11 Sanctions is granted in part and denied in part.  The Court will award Citibank $1,811.87, representing its fees and costs.  The Court will deny Citibank's other requests for relief.



_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jasper Howard Duncan
Texico, New Mexico

      *Plaintiff Pro Se*

Alice Tomlinson Lorenz
Miller Stratvert P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant Citibank (South Dakota), N.A.*

Thomas A. Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant Academy Collection Service, Inc.*

Richard Moran
Law Offices of Farrell & Seldin, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendant Law Offices*
       *of Farrell & Seldin, P.C.*

Frederick M. Mowrer
Sanchez, Mowrer & Desiderio, P.C.
Albuquerque, New Mexico

    *Defendant Pro Se*